**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TROY DAVID MUELLER**                                   **CIVIL ACTION**

**VERSUS**                                                        **NO. 09-6869**

**MARLIN GUSMAN**                                         **SECTION "T" (3)**

## REPORT AND RECOMMENDATION

Plaintiff, Troy David Mueller, a state prisoner, filed this complaint against Orleans Parish Criminal Sheriff Marlin Gusman. In this lawsuit, plaintiff claims that was exposed to harmful environmental tobacco smoke while incarcerated within the Orleans Parish Prison system. As relief, he seeks monetary damages.

The parties have filed cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56.[1] The Court may grant summary judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P.

---

[1]     Rec. Docs. 7 and 9.

56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In his motion for summary judgment, Sheriff Gusman argues that plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (emphasis added). Exhaustion is *mandatory* in cases covered by § 1997e(a). Id. at 524.

In support of his motion, Sheriff Gusman submitted copies of the applicable policies and procedures which set forth a three-step administrative grievance procedure for persons incarcerated within the Orleans Parish Prison system.[2] He also submitted an affidavit from Cynthia Golini, the sergeant who initially reviews all inmate grievances. In that sworn statement, Golini stated that plaintiff submitted eight administrative grievances prior to filing this federal lawsuit.[3] Lastly,

---

[2]    Rec. Doc. 9, Exhibits B and C.

[3]    Rec. Doc. 9, Exhibit A.

Gusman submitted copies of those eight grievances, a review of which establishes that not one of those grievances complained of exposure to environmental tobacco smoke.[4]

Plaintiff has submitted no evidence rebutting that submitted by Sheriff Gusman. On the contrary, plaintiff stated in his sworn complaint that he had not presented the facts relating to complaint in the prison grievance procedure, noting, "I feel that this is an emergency and my grievances wasn't going to be delivered to next in command."[5] In his motion for summary judgment, plaintiff essentially contends that it would have been futile to submit an administrative grievance regarding this complaint in light of the fact that his grievances on other matters had gone unanswered. However, it is clear that "[f]utility is not an exception to the exhaustion requirement." Fontenot v. Global Expertise in Outsourcing, 232 Fed. App'x 393, 394 (5th Cir. 2007); see also Booth, 532 U.S. at 741 n.6 ("we will not read futility or other exceptions into the statutory exhaustion requirements").

This Court is aware that prisoners who submit administrative grievances at times have their efforts frustrated by unhelpful and unresponsive prison officials, although the Court expresses no opinion as to whether such a situation was present in this matter. Nevertheless, the fact remains that Congress has provided that exhaustion of such remedies is required. If the federal courts were to allow inmates to circumvent available administrative procedures by proceeding directly to federal court, the clear intent of Congress would be thwarted. The United States Supreme Court has noted:

---

[4]     Rec. Doc. 9, Exhibit D.

[5]     Rec. Doc. 3, p. 2.

Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...

Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter, 534 U.S. at 524-25 (citations omitted).

Because plaintiff has not pursued his administrative remedies, thereby giving Sheriff Gusman a fair opportunity to consider and possibly resolve plaintiff's claim without litigation, it is not appropriate for this Court to consider that claim.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that defendant's motion for summary judgment, Rec. Doc. 9, be **GRANTED** and that plaintiff's claim be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[6]

---

[6]     If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); Fitch v. Louisiana Department of Public Safety & Corrections, Civ. Action No. 08-cv-1126, 2009 WL 1076749, at *3 (W.D. La. Apr. 20, 2009). Plaintiff filed this lawsuit *in forma pauperis*. See Rec. Docs. 1 and 2.

It is **FURTHER RECOMMENDED** that plaintiff's motion for summary judgment, Rec. Doc. 7, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this seventh day of January, 2010.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]    Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

5